IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| COREY A. FARRENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-847-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DAVID A. KERSTEN, dba Kersten Management and Kersten Quarter Horses, JEANETTE JYL KERSTEN, dba Kersten Management and Kersten Quarter Horses, COOL TEMP SUPPLY, INC., an Oregon corporation and COOL TEMP, INC., an Oregon corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

    Scott G. Seidman
    Caroline Harris Crowne
    Tonkon Torp LLP
    1600 Pioneer Tower
    888 S. W. Fifth Avenue
    Portland, Oregon 97204-2099

        Attorneys for Plaintiff

Terrance J. Slominski
Slominski & Associates
7150 S. W. Hampton, Suite 201
Tigard, Oregon 97223

    Attorney for Defendants

KING, Judge:

Plaintiff Corey Farrens, a shareholder of defendant Cool Temp, Inc., had a parting of the ways with the other two shareholders, his wife and her father, after Farrens and his wife separated. Before the court is Defendants' FRCP 12b(6) Motion (#10) seeking to dismiss Farrens' third claim for fraud.

## DISCUSSION

Defendants contend that Farrens fails to state a claim because he did not comply with the requirement in Federal Rules of Civil Procedure 9(b) that "the circumstances constituting fraud or mistake shall be stated with particularity."

In the fraud claim, Farrens alleges:

> 42. David Kersten promised Farrens that they would share fairly and equally in the profits of Cool Temp. David Kersten and Jyl Kersten intentionally led Farrens to believe that they were managing Cool Temp in a manner to ensure that all shareholders would fairly share in the profits of the business. Meanwhile, they concealed from Farrens and failed to disclose to him numerous self-dealing transactions. They also misled Farrens, through lies, half-truths, and empty promises, inducing him to believe that some transactions were fair to the corporation and all shareholders when in fact they were designed to benefit David and Jyl Kersten at the expense of the corporation and minority shareholders.
>
> 43. David Kersten and Jyl Kersten knew that they were engaging in numerous improper transactions in order to increase their personal profits and decrease the corporation's profits available for distribution to all shareholders. They intentionally misrepresented, concealed, and failed to disclose information

to Farrens in order to make him believe the opposite: that they were managing the business in a manner that was fair to all shareholders.

From these allegations, defendants know that Farrens accuses them of self-dealing, concealed by lies, after Farrens had been promised an equal share of the profits of Cool Temp. This falls within the example in Fecht v. Price Co., 70 F.3d 1078, 1082-83 (9th Cir. 1995), cert. denied, 517 U.S. 1136 (1996), in which direct evidence of fraud can be proven by facts that had existed all along but were only revealed later. Then the complaint need only allege "that the plaintiff bought a house from the defendant, that the defendant assured the plaintiff that the house was in perfect shape, and that the house was in fact built on landfill" to satisfy Rule 9(b). Id.

Complaints in federal court must also comply with Rule 8 which requires that a claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further details on how the Kerstens engaged in self-dealing can be fleshed out through discovery.

## CONCLUSION

Defendants' FRCP 12b(6) Motion (#10) is denied.

IT IS SO ORDERED.

Dated this   29th   day of August, 2005.

      /s/ Garr M. King
   Garr M. King
   United States District Judge